IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DUNCAN,

      Plaintiff,                    No. CIV S-05-2613 FCD JFM P

      vs.

SCOTT KERNAN, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $7.53 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1    Plaintiff has named the Warden as a defendant herein.  The Civil Rights Act under
2 which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff has failed to identify the constitutional violations he is alleging.  For example, it is unclear whether plaintiff is attempting to claim defendants were deliberately indifferent to his safety needs.  It is well established that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 32; Wilson v. Seiter, 501 U.S. 294, 302 (1991);

3

Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim lies against a prison official who knows of and disregards an excessive risk to an inmate's safety. Farmer, 511 U.S. at 837. In order to state a claim based on deliberate indifference to safety needs, plaintiff must allege facts which demonstrate that "the official [was] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he drew the inference.

"Farmer requires an inmate to show that the official knew of the risk and that the official inferred that substantial harm might result from the risk . . . [but a] prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the official acted . . . despite his knowledge of a substantial risk of serious harm.'" Wallis v. Baldwin, 70 F.3d 1074, 1077 (quoting Farmer, 511 U.S. at 842).

Under § 1983, a defendant is not liable if a prisoner is injured as a result of mere negligence. However, the Supreme Court and the Ninth Circuit have held that a § 1983 claim could arise when administrators are grossly negligent or recklessly indifferent to prisoner safety. Youngberg v. Romeo, 457 U.S. 307, 323 (1982); Estate of Connors v. O'Connor, 846 F.2d 1205, 1208 (9th Cir.1988). A prisoner claiming the conditions of confinement violate the Eighth Amendment must show a culpable state of mind on the part of prison officials. Wilson v. Seiter, 501 U.S. 299-300 (1991).

In determining if a prison official's act was reasonable, the risk of harm to the prisoner must be balanced against the burden on the state. The Supreme Court stated in Youngberg that "liability may only be imposed when the decision by a professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." Youngberg, 457 U.S. at 323. The Ninth Circuit has also held that liability may be imposed where an administrative decision which compromised the safety of those incarcerated is so

/////

1  objectively unreasonable as to demonstrate that it was not based upon professional judgment.
2  Estate of Connors, 846 F.2d at 1209.
3         In the instant complaint, it is also unclear whether plaintiff is attempting to claim
4  defendants were deliberately indifferent to his serious medical needs.  In order to prevail on his
5  Eighth Amendment claim, plaintiff must prove that he had a "serious medical need" and that
6  defendants acted with "deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 105
7  (1976).  A medical need is serious if "the failure to treat a prisoner's condition could result in
8  further significant injury or the 'unnecessary and wanton infliction of pain'."  McGuckin v.
9  Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285).
10 Deliberate indifference is proved by evidence that a prison official "knows of and disregards an
11 excessive risk to inmate health or safety; the official must both be aware of the facts from which
12 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
13 the inference."  Farmer v. Brennan, 511 825, 837 (1994).  Mere negligence is insufficient for
14 Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  "Prison
15 officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay,
16 or intentionally interfere with medical treatment."  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.
17 2002) (internal citations and quotation marks omitted).  Mere differences of opinion between a
18 prisoner and prison medical staff as to appropriate medical care also do not give rise to a § 1983
19 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
20        The court finds the allegations in plaintiff's complaint so vague and conclusory
21 that it is unable to determine whether the current action is frivolous or fails to state a claim for
22 relief.  The court has determined that the complaint does not contain a short and plain statement
23 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
24 policy, a complaint must give fair notice and state the elements of the claim plainly and
25 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
26 must allege with at least some degree of particularity overt acts which defendants engaged in that

5

1  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
2  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
3  an amended complaint.
4            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
6  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
8  there is some affirmative link or connection between a defendant's actions and the claimed
9  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
10 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
11 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
12 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
13           In addition, plaintiff is informed that the court cannot refer to a prior pleading in
14 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
15 amended complaint be complete in itself without reference to any prior pleading.  This is
16 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
17 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
18 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
19 original complaint, each claim and the involvement of each defendant must be sufficiently
20 alleged.
21           In accordance with the above, IT IS HEREBY ORDERED that:
22           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
23           2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
24 Plaintiff is assessed an initial partial filing fee of $7.53.  All fees shall be collected and paid in
25 accordance with this court's order to the Director of the California Department of Corrections
26 filed concurrently herewith.

6

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 17, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; dunc2613.14