1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY DUNCAN,

11           Plaintiff,                         No. CIV S-05-2613 FCD JFM P

12       vs.

13   AL SOARES,

14           Defendant.                ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  On March 26, 2007, plaintiff re-filed a motion to compel discovery,

18   contending it was the motion to compel discovery served on the court and on defendant before

19   discovery closed on February 5, 2007.  As noted in this court's March 13, 2007 order, defendants

20   filed an opposition to a motion to compel that had not been recorded on the court's docket.  It

21   appears the court's copy of the motion was lost in the mail.  Good cause appearing, the March

22   26, 2007 motion to compel will be deemed timely filed and the court will consider defendant's

23   opposition filed February 20, 2007.

24   Interrogatories

25           Plaintiff seeks a court order requiring defendant to more fully answer the first set

26   of interrogatories.  Plaintiff has not specifically addressed each discovery request and supported

                                            1

1  his motion to compel the individual response; rather, plaintiff generically claims the

2  interrogatory responses fail to answer "with clarity." (Motion at 4.)  This is insufficient under

3  the Federal Rules of Civil Procedure.  The court has reviewed the interrogatories and finds that

4  most of the defendants' objections that the interrogatories were vague, ambiguous, overbroad

5  and compound were well taken.  Despite valid objections, defendant attempted to answer the

6  interrogatories, with the exception of interrogatory no. 23.  In No. 23, plaintiff asked defendant

7  to provide the name of the manufacturer of the grinder used by plaintiff under defendant's

8  direction.  Defendant objected to this request on the grounds that the name of the manufacturer is

9  not reasonably calculated to lead to the discovery of admissible evidence.  However, because

10  plaintiff contends he was required to operate the grinder without a safety guard, thereby

11  suffering an injury, the name of the grinder and its manufacturer could lead to the discovery of

12  admissible evidence because plaintiff could research the grinder to determine whether the

13  manufacturer recommended that the grinder be used with a safety guard, provided for a safety

14  guard, or expected that the employer would provide the worker with a safety guard when

15  operating the grinder.

16          It appears, however, that plaintiff was able to obtain this information from the

17  second request for production of documents.  In Request No. D (id.), defendant identified the

18  grinder as a DeWalt with the model number DW802.  In light of this response, the court will not

19  order further response to request no. 23.

20          Accordingly, plaintiff's motion to compel further interrogatory answers will be

21  denied.  See Davis v. Alamedia, 155 Fed. Appx. 325 (9th Cir. 2005).

22  First Request for Production of Documents

23          Plaintiff seeks to compel further production to the first request for production

24  numbers 3, 6 and 8.  The court has reviewed request no. 3 and finds defendants' objection that

25  the request is overbroad and requests information beyond defendant's knowledge to be well

26  taken.  In his interrogatory responses, defendant stated that he had not received a formal

2

1  reprimand or formal disciplinary action for insubordinate work performance while employed by

2  the State of California, had not been reprimanded regarding his official work habits or actions,

3  and that aside from the instant action, no person had ever been injured on an inmate work crew

4  defendant supervised.  Plaintiff has failed to demonstrate how the work-history file of defendant

5  would lead to the discovery of admissible evidence, particularly in light of defendant's

6  interrogatory responses.  Defendant noted that plaintiff could obtain a copy of the accident injury

7  report from plaintiff's central file, which is equally available to plaintiff.  Plaintiff's motion to

8  compel further response to request no. 3 will be denied.

9           In request no. 6, plaintiff seeks copies of his own record of employment and pay

10  at New Folsom Prison.  Defendant noted that these records are also located in plaintiff's central

11  file which is available for inspection and copying by plaintiff.  Plaintiff's motion to compel

12  further response to request no. 6 will be denied.

13           In request no. 8, plaintiff seeks a written statement of compliance to the document

14  production requests and asked defendant to

15           list your reasons for non-production of the items requested per
            D.O.M. 31020.5.3 and advise how compliance may be obtained.
16           [¶]  The aforementioned documents are officially petitioned by the
            plaintiff of this action and the particular requests are relevant to
17           upcoming litigation and shall be presented as evidentiary
            productions.

18

19  (Request No. 8.)  Defendant objected on the grounds that the

20           request is overbroad, vague, ambiguous, beyond the scope of this
            defendant's knowledge and is not reasonably calculated to lead to
21           the discovery of admissible evidence.  Without waiving these
            objections, I was not a supervisor as described in D.O.M.
22           31020.5.3.

23  (Respondent to Request No. 8.)  The court finds defendant's objections to be well-taken.

24  Plaintiff's motion to compel further response to request no. 8 will be denied.

25  /////

26  /////

1    Second Request for Production of Documents

2            Plaintiff seeks further responses to requests A, B, C, D, F, G, H, I, J, and K.

3    Plaintiff has not individually addressed each discovery request and supported his motion to

4    compel the further response; rather, plaintiff generically claims the responses to the discovery

5    requests are insufficient and argues plaintiff is entitled to receive the documents requested.

6    (Motion at 6-9.)  This is insufficient under the Federal Rules of Civil Procedure.  However, in an

7    abundance of caution, the court has reviewed the second request and finds that most of the

8    defendants' objections are well taken.  For example, requests A, G and K are duplicative of

9    plaintiff's first request for production of documents.  Requests B and C seek information readily

10   available to plaintiff from his central file.  Requests H, I and J are overbroad and not likely to

11   lead to admissible evidence.  Request D is compound; defendant's objection is sustained.

12   Request F is more appropriately raised as an interrogatory in that it fails to identify a document.

13   Accordingly, plaintiff's motion to compel further responses to the second request for production

14   of documents will also be denied.

15   Second Motion to Compel

16           Finally, on April 2, 2007, plaintiff filed a second motion to compel which is

17   essentially duplicative of the March 26, 2007 motion.  Accordingly, the second motion will be

18   denied.

19           In accordance with the above, IT IS HEREBY ORDERED that:

20           1.  Plaintiff's March 26, 2007 motion to compel is deemed timely filed;

21           2.  Plaintiff's March 26, 2007 motion to compel further responses to the first set

22   of interrogatories is denied.

23   /////

24   /////

25   /////

26   /////

1         Plaintiff's March 26, 2007 motions to compel further responses to the first and

2  second requests for production of documents are denied.

3         3.  Plaintiff's April 2, 2007 motion to compel is denied.

4  DATED: April 18, 2007.

5

6                             UNITED STATES MAGISTRATE JUDGE

7

8  001; dunc2613.mtc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26